UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SHARONE A. ELDRIDGE

Plaintiff,

V.

MCCABE, WEISBERG & CONWAY, LLC

Defendant.

CIVIL ACTION NO

RDB12CV0287

JANUARY 27, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Hanover, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. At all times material hereto, Defendant, McCabe Weisberg & Conway, LLC (Collection Law Firm) was a Limited Liability Company, with a principal place of business at 312 Marshall Ave., Suite 800, Laurel, MD 20707.

7. Defendant is a law firm engaged in the business of collecting debts in the State of Maryland and is authorized to do business in Maryland. The principal purpose

of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt allegedly owed to Flagstar Bank, FSB.

9. On July 7, 2011, Defendant sent or caused to be sent to Ms. Eldridge written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Flagstar Bank, FSB. *See Exhibit "1."*

10. In the July 7, 2011 letter Defendant through its collection agent, Attorney Erin Brady, stated "<u>A Foreclosure action has been filed</u> against the property at 1496 Gesna Drive, Hanover, MD 21076 in the Circuit Court for Anne Arundel County."

11. That statement is false, deceptive and misleading and violates §1692e, as of July 7, 2011, there was no foreclosure action filed in the Court for Anne Arundel County.

12. Defendant filed a Foreclosure Action on July 11, 2011.

13. Defendant failed to provide in its initial collection letter the required notice pursuant to §1692g.

14. Defendant failed to advise the Plaintiff who the creditor was or the amount of debt that she was collecting.

15. Defendant failed to advise the Plaintiff that she had a right to dispute the debt.

16. The Defendant does not maintain procedures in place adequately designed to avoid the violation(s) of the FDCPA.

17. Plaintiff's counsel sent a letter of representation to the Defendant on July 11, 2011. *See exhibit" 2."*

18. Defendant has communicated with a represented client several times despite knowing Plaintiff is represented by counsel and violated §1692c.

19. Defendant through its collection agent, Attorney Erin Brady mailed a "line to file a foreclosure documents" and certified that she sent such document to the Plaintiff directly on December 8, 2011. *See exhibit "3."*

20. Defendant through its collection agent, Attorney Erin Brady mailed a letter dated January 11, 2012 directly to the Plaintiff advising Ms. Eldridge that a foreclosure sale would take place on January 27, 2012. *See exhibit "4."*

21. On Tuesday, January 3, 2012, Plaintiff paid a $50.00 fee and filed with the Circuit Court of Anne Arundel County a **Request for Foreclosure Mediation.**

22. On Friday, January 6, 2012 the Docket Specialist of the Office of Administrative Hearings mailed a letter to the Plaintiff and Defendant advising them both that case # FM-AARU-01-12-00828 filed by Defendant in the Circuit Court of Anne Arundel County has been scheduled for a mediation. *See exhibit "5."*

23. The Plaintiff alleges that the Defendant's letter dated the following week Wednesday, January 11, 2012 was known or should have been known, to be false, deceptive and misleading, in violation if §1692e.

24. Defendant was aware on January 3, 2012 that Plaintiff filed with the Circuit Court of Anne Arundel County a properly filled out **Request for Foreclosure Mediation**. (*See exhibit "6." attached docket report of case #02C11162524*)

25. Plaintiff's letter violates 15 U.S.C. §1692f (6).

*A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if:*

*(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;*

*(B) there is no present intention to take possession of the property; or*

*(C) the property is exempt by law from such dispossession or disablement.*

26. Defendant mailed the January 11, 2012 letter, directly to a represented consumer debtor, threatening "you are hereby knotified that a fopreclsure sale of the above referenced property will take place at the public action on January 27, 2012 and will be sold then and there to the highest bidder(s).

27. In the collection efforts, the Defendant violated the FDCPA; inter alia, §1692c, e, f and g.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.
2. Award the Plaintiff costs of suit and a reasonable attorney's fee.
3. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com